FILED
April 25, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002583137

1  Joseph M. Canning  (State Bar No. 250900)
   HILLMAN, LUCAS & JONES. P.C.
2  One Harbor Center, Suite 220
   Suisun City, California 94585
3  (707) 427-7377
4  Fax (707) 427-7370

5  Attorneys for Movants
   SARAH J. LINK, DENNIS FOLLAIN, and
6  INFINITI RE, LLC

7

8

9              UNITED STATES BANKRUPTCY COURT

10      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12  In re:

13                                          Case No. 2010-29657

14                                          Chapter 13

15                                          D.C. No. JMC-2

16  ALLAN MANGAYAYAM,                       **MOTION TO DISMISS FOR BAD FAITH
                                            AND IMPOSTION OF SANCTIONS AND
17                                          ATTORNEY'S FEES**
                                            **(11 U.S.C. §1307(c))**
18

19                                          **FRBP 9011**

20                         Debtor.
                                            Date:  May 25, 2010
21                                          Time:  9:31 a.m.
                                            Place: Dept B, Courtroom 32
22                                          Judge: Thomas C. Holman

23        Sarah J. Link, Dennis Follain, and Infiniti RE, LLC ("Movants"), as a party in interest,

24  hereby move the Court for an Order Dismissing this case pursuant to 11 U.S.C. §1307(c), and

25  imposition of sanctions under FRBP 9011, 11 USC §105(a), and for attorneys fees as supported

26  by the attached declaration for the following reason(s):

27  //

28  //

---

Motion to Dismiss                                                    Page 1

# I.   STATEMENT OF FACTS

The factual allegations herein are supported by the concurrently served and filed Declaration of Joseph M. Canning.

On or about January 7, 2010, by virtue of a trustee's deed, executed by Executive Trustee Services, LLC dba ETS Services, LLC, as the trustee named in a deed of trust, and delivered to Movants as alleged herein, Movants are the owner, and entitled to possession of the real property commonly known as 4817 S. Ridgefield Way, Fairfield, Solano County, California (hereinafter, "subject property").

The Trustee's Deed Upon Sale (hereinafter, "Deed") memorializing the January 7, 2010 sale of the subject property was recorded on February 4, 2010. A true and correct copy of the Deed is attached to the concurrently served and filed Exhibits to the Declaration in Support of the Motion to Dismiss ("Exhibits") as Exhibit A and incorporated herein by this reference.

Attorneys for Movants have represented the Movants since January of 2010. The purpose of the representation has been to gain possession of the subject property which was legally purchased as referenced hereinabove. Attorneys for Debtor and Debtor's non-bankrupt spouse have represented the Debtor and the Debtor's non-bankrupt spouse since January of 2010, seemingly in an effort to frustrate Movants' legal right to possession of the subject property.

On January 27, 2010, Movants caused to be served on Debtor and Debtor's non-bankrupt spouse Shantel, a written notice stating that Movants had purchased the subject property and their title had been duly perfected and demanding that Debtor and Debtor's non-bankruptcy spouse quit the premises within three days after service of the notice. A true and correct copy of the notice is attached to the concurrently served and filed Exhibits to the Declaration in Support of the Motion to Dismiss ("Exhibits") as Exhibit B and incorporated herein by reference.

On or about February 3, 2010, Movants caused to be filed and served on the Debtor a Complaint for Eviction after Sale in order to gain possession of the subject property because Debtor and Debtor's non-bankrupt spouse failed quit the premises in the time prescribed by the

1 | notice referenced hereinabove. A true and correct copy of the complaint is attached to the

2 | concurrently served and filed Exhibits as Exhibit C and incorporated herein by reference.

3 | On or about February 26, 2010, Debtor and Debtor's non-bankrupt spouse, thru

4 | Debtor's counsel, filed an answer to the Complaint for Eviction after Sale. A true and correct

5 | copy of the answer is attached to the concurrently served and filed Exhibits to the Declaration

6 | in Support of the Motion to Dismiss ("Exhibits") as Exhibit D and incorporated herein by

7 | reference. Thereafter attorneys for Movants requested a trial date. Adequate notice of the trial

8 | date was given to attorneys for Debtor and Debtor's non-bankrupt spouse.

9 | On March 23, 2010, at 9:00 a.m., Movants obtained a court judgment and writ of

10 | possession after trial. Attorneys for Debtor and Debtor's non-bankrupt spouse did not appear

11 | at trial, nor did they give counsel notice of their intention not to appear. Unbeknownst to

12 | attorneys for Movants, Debtor and Debtor's non-bankrupt spouse filed for Chapter 13

13 | bankruptcy protection on March 22, 2010, at 10:11 p.m. in this District.

14 | The case number assigned to the Chapter 13 filing was 2010-27137. The Debtor and

15 | Debtor's non-bankrupt spouse filed an emergency petition that did not include a Chapter 13

16 | Plan.

17 | The Schedules, Verification of Master Address List, and Statement of Financial Affairs

18 | filed in conjunction with case number 2010-27137 present a clouded picture of Debtor's and

19 | Debtor's non-bankrupt spouse's property interests. Schedule A indicated that Debtor and

20 | Debtor's non-bankrupt spouse have a real property interest in the subject property. Schedule D

21 | and the Master Address List indicated that GMAC Mortgage was a secured creditor, however,

22 | Paragraph 5 of the Statement of Financial Affairs list the January 7, 2010, foreclosure sale. A

23 | true and correct copy of the prior bankruptcy petition and accompanying documents are

24 | attached to the concurrently filed and served Exhibits as Exhibit E and incorporated herein by

25 | this reference.

26 | On or about April 2, 2010, Movants filed and served a Motion for Relief of Stay in

27 | order to gain possession of the subject property.

28 |

1   On or about April 12, 2010, Debtor and Debtor's non-bankrupt spouse had their

2   Chapter 13 Petition dismissed for failure to timely file documents—namely the Chapter 13

3   Plan. A true and correct copy of the order dismissing the prior bankruptcy case is attached to

4   the concurrently filed and served Exhibits as Exhibit F and incorporated herein by this

5   reference.

6   On or about April 14, 2010, Debtor filed the current Chapter 13 bankruptcy petition.

7   Curiously, Debtor's spouse did not file. The current petition was not filed with a Statement of

8   Financial Affairs, or accompanying Schedules. The current petition is Debtor's second petition

9   in less than a two months' time and despite only listing two creditors in the petition, Debtor

10  was unable to present a Chapter 13 Plan at the time of filing. Mysteriously, the Master

11  Address List indicates that GMAC Mortgage is a creditor. A true and correct copy of the

12  Debtor's Petition and Verification of Master Address List is attached to the concurrently filed

13  and served Exhibits as Exhibit G and incorporated herein by this reference.

14  GMAC Mortgage is not a creditor of the bankruptcy estate, nor is GMAC Mortgage a

15  party in interest to these bankruptcy proceedings, as evidenced by the sale of the subject

16  property to Movants, a fact which was known to Debtor and Debtor's attorneys at the time of

17  the filing of the current and previously dismissed petitions. A real controversy exist between

18  Movants and the Debtor, yet Movants are not listed as Creditors of the Estate. Both Debtor

19  and Debtor's attorneys knew of the controversy at the time of filing yet each failed to provide

20  proper notice of the bankruptcy to either Movants or attorney's for Movants.

21  Movants now seek a dismissal of the current bankruptcy petition with prejudice to the

22  filing of any bankruptcy petition within 1 year and imposition of sanctions and an award of

23  attorneys' fees.

24  **II.    ARGUMENT**

25  **A.    Debtor's lack of good faith is cause for dismissal under § 1307(c).**

26  11 U.S.C. § 1307(c) authorizes a party in interest to move for an order dismissing a

27  case for cause if it is in the best interest of creditors and the estate.

28

1    As alleged herein, and in the currently filed and served documents, on January 7, 2010,

2    Movants purchased the subject property. Debtor is the former owner of the subject property

3    and currently occupies the subject property with his wife Shantel. As the current owners of the

4    subject property Movants are a party in interest under 11 U.S.C. §1307(c).

5         11 U.S.C. § 1307(c) authorizes a party in interest to move for an order dismissing a

6    case for cause if it is in the best interest of creditors and the estate. The debtor's lack of good

7    faith is cause for dismissal under § 1307(c). In re Eisen, 14 F3d 469, 470 (9th Cir. 1994); In re

8    Gier, 986 F2d 1326, 1329 (10th Cir. 1993); Matter of Love, 957 F2d 1350, 1354.

9    **B.    Under the "totality of circumstances" debtor's petition should be dismissed for**

10   **lack of good faith.**

11        In determining bad faith the Court must determine whether the Debtor "misrepresented

12   facts in his petition or plan, unfairly manipulated the bankruptcy Code, or otherwise filed his

13   Chapter 13 petition or plan in an inequitable manner" and in this determination " a debtor's

14   history of filings and dismissals is relevant." In re Eisen, supra 14 F3d at 470; Matter of Love,

15   supra, 957 F2d at 1357.

16        The Court in In re Eisen dismissed a Chapter 13 petition because it had been filed in

17   "bad faith" where the debtor timed the filing to frustrate state court proceedings and submitted

18   contradictory and misleading statements of his property interests. In re Eisen, supra, 14 F3d at

19   471. In the previously dismissed case Debtor filed contradictory and misleading statements as

20   to his interest in the subject property as noted hereinabove. The prior bankruptcy was literally

21   filed in the 11th hour the night before state court proceedings to evict Debtor. These facts,

22   which represent the debtor's filing history, along with the current filing which mysteriously

23   lists GMAC Mortgage as a creditor, does not include a Chapter 13 plan where only two

24   creditors are listed in the Master Address List, and does not include Debtor's non-bankrupt

25   spouse, evidence that the current filing was made in "bad faith".

26   //

27   //

28

It is clear that, in light of the previous filing and the omission of Debtor's spouse in the current filing, that it is Debtor's goal to remain in possession of the subject property as a squatter as long as possible and use, or rather abuse, the bankruptcy code to achieve this goal. Under the previously filed bankruptcy Debtor could not in good faith present a bankruptcy plan to pay GMAC Mortgage's secured claim as Debtor could not in good faith represent that GMAC Mortgage held a secured claim. The other creditor listed in the previous bankruptcy was American Express which held a $71.00 unsecured claim.

Given the timing of the first petition, the fact the first petition was filed at all, the omission of the Debtor's spouse from the current petition, the inconsistency of the documents filed by Debtor in each case, the involvement and knowledge of Debtor's attorneys of the facts surrounding the sale of the subject property and eviction, and all other facts alleged herein the Court should dismiss Debtor's petition under 11 U.S.C. §1307(c).

**C.    Sanctions are appropriate under FRBP 9011.**

Any party or attorney who presents a pleading or paper to the court thereby certifies, among other things, that "it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. FRBP 901(b)(1).

If the certification is violated, the court may impose "an appropriate sanction," including attorney fees and expenses, on the attorney, law firm or party responsible for violation. FRBP 9011(c).

The Ninth Circuit has established a two-pronged test for determining whether a debtor and/or debtor attorney should be sanctioned under FRBP 9011 for the filing of a bankruptcy petition:

1) the petition was frivolous pursuant to applicable law; and

2) the petition was filed for an improper purpose. In Re Marsch, 36 F3d 825, 829-831 (9 Cir. 1994).

For the reasons set forth herein and in the accompanying documents filed concurrently herewith it is Movants position that sanctions should issue against Debtor and/or Debtor's attorney.

---

## D.    Sanctions Under Court's Inherent Power.

The court can invoke its inherent authority to assess sanctions against counsel who file multiple cases, upon finding counsel willfully abused judicial processes.

The inherent power to sanction abusive practices is codified in 11 USC §105(a), which empowers bankruptcy courts to "issue any order, process, or judgment that is necessary to carry out the provisions of this title."

For the reasons set forth herein and in the accompanying documents filed concurrently herewith it is Movants position that sanctions should issue against Debtor and/or Debtor's attorney.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## III. CONCLUSION

By reason of the foregoing, the Debtor's bankruptcy petition should be dismissed under 11 U.S.C. §1307(c) and sanctions should issue under FRBP 9011 or alternatively 11 USC § 105(a).

WHEREFORE, Movants respectfully pray for an Order of this court as follows:

1. The Court grant an Order Dismissing this proceeding with prejudice to the filing of any bankruptcy petition within 1 year of this order;

2. The Court order Debtor and/or Debtor's attorney to pay sanctions for opening this proceeding in bad faith;

3. That attorneys' for Movants be awarded reasonable attorneys' fees and costs according to proof; and

4. All other orders that this Court deems appropriate.

Dated: April 23, 2010          HILLMAN, LUCAS & JONES, P.C.


By:/s/ Joseph M. Canning
    Joseph M. Canning
Attorney for Movants,
SARAH J. LINK, DENNIS FOLLAIN, AND
INFINITI RE, LLC