FILED
April 25, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002583126

Joseph M. Canning (State Bar No. 250900)
HILLMAN, LUCAS & JONES. P.C.
One Harbor Center, Suite 220
Suisun City, California 94585
(707) 427-7377
Fax (707) 427-7370

Attorneys for Movants
SARAH J. LINK, DENNIS FOLLAIN, and
INFINITI RE, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re:

ALLAN MANGAYAYAM,

Debtor.

Case No. 2010-29657

Chapter 13

D.C. No. JMC-1

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (11 U.S.C. § 362 and Bankruptcy Rule 4001)**

LBR 4001-1 and 9014-1(f)(1)

Date: May 25, 2010
Time: 9:31 a.m.
Place: Dept B, Courtroom 32
Judge: Thomas C. Holman

Sarah J. Link, Dennis Follain, and Infiniti RE, LLC ("Movants"), move this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movants, so that Movants may commence and continue all acts necessary to enforce its interest in the real property generally described as 4817 S. Ridgefield Way, Fairfield, California 94534.

On or about April 14, 2010, Allan Mangayayam (Debtor) filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and Jan P. Johnson was appointed Chapter 13 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

Movants move this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITES

### I.

### MOVANTS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) "FOR CAUSE"

11 U.S.C. § 362(d)(1) provides that upon request of a party in interest and after notice and a hearing, relief from the automatic stay shall be granted for cause, including lack of adequate protection of an interest of such party.

In In re Elmore, 94 B.R. 670, 678 (BC CD CA 1988), the court specifies that relief from stay under § 362(d)(1) is not limited to lack of adequate protection because § 362(d)(1) states that cause "includes" lack of adequate protection and therefore lack of adequate is not the exclusive ground for finding "cause."

11 U.S.C. § 541 (a) states in pertinent part that only "legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate.

In In re Boyd, 107 B.R. 541, 542-543 (BC ND MS 189), the court found that a debtor who filed bankruptcy after foreclosure sale concluded and a deed was recorded no longer had any legal right in the subject property.

On January 7, 2010, Movants purchased the subject property at a prepetition trust deed foreclosure sale against Debtor, the person under whom Debtor's claim and the title was perfected.

The Trustee's Deed Upon Sale (hereinafter "Deed") memorializing the January 7, 2010 sale of the subject property was recorded on February 4, 2010. A true and correct copy of the

Deed is attached to the concurrently served and filed Exhibits to the Declaration in Support of the Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

At the time of the sale, the Debtor, who is not a tenant of the prior owner—as is evident by reference to the Debtor's Schedules and Statement of Financial Affairs—and therefore not entitled to a 30-day notice, were in possession of the property and they have remained in possession after the sale.

On January 27, 2010, Movants caused to be served on Debtor a written notice stating that Movants had purchased the property and they their title had been duly perfected and demanding that Debtor quit the premises within three days after service of the notice. A true and correct copy of the notice is attached to the concurrently served and filed Exhibits to the Declaration in Support of the Motion for Relief from Automatic Stay ("Exhibits") as exhibit B and incorporated herein by reference.

On or about February 3, 2010, Movants caused to be filed and served on the Debtor a Complaint for Eviction after Sale in order to gain possession of the subject property. A true and correct copy of the complaint is attached to the concurrently served and filed Exhibits to the Declaration in Support of the Motion for Relief from Automatic Stay ("Exhibits") as exhibit C and incorporated herein by reference.

On March 23, 2010, at 9:00 a.m., Movants obtained a court judgment and writ of possession after trial unaware that Debtors filed for Chapter 13 bankruptcy protection on March 22, 2010, at 10:11 p.m.

## II.

### MOVANTS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2)

Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the subject property and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization. Moreover, as explained herein Debtor has neither a legal nor an equitable claim to the subject property.

## CONCLUSION

A real property nonjudicial foreclosure was completed and a deed recorded prepetition. Debtor had neither equitable nor legal title to the subject property at the time the bankruptcy petition was filed. Although the Debtor is still in possession of the subject property, his status is essentially that of a "squatter." According to In re Boyd, Movants, as the purchasers at the foreclosure sale are entitled to the subject property and thus cause exists justifying relief from the stay. Additionally, Debtor has no equity nor ownership interest in the subject property and it is not necessary for an effective reorganization. Based on the foregoing relief from stay should be granted.

By reason of the foregoing, Movants are entitled to relief for stay under 11 U.S.C. § 362(d)(1), for cause and under 11 U.S.C. § 362(d)(2) because the Debtor has no equity in the subject property and it is not necessary for an effective reorganization.

WHEREFORE, Movants respectfully pray for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362 to allow Movants to proceed under applicable non-bankruptcy law to enforce their remedies to obtain possession of the subject property;
2. Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the concurrently filed Declaration;
3. That the Order be binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United State Code; and
4. For such other and further relief as the court deems just and proper.

Dated: April 22, 2010                    HILLMAN, LUCAS & JONES, P.C.


By:/s/ Joseph M. Canning
   Joseph M. Canning
   Attorney for Movants,
   SARAH J. LINK, DENNIS FOLLAIN, AND
   INFINITI RE, LLC